1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RANDY REAL,

11          Plaintiff,              No. 2:09-cv-3273 GEB KJN P

12      vs.

13   JAMES WALKER, Warden, et al.,

14          Defendants.            <u>ORDER</u>

15   _____/

16       This prisoner civil rights action proceeds on plaintiff's First Amended Complaint

17   filed March 22, 2010, against eighteen defendants.  Plaintiff alleges twenty-seven claims,

18   premised primarily on challenges to his validation as an associate of the Mexican Mafia prison

19   gang.

20       Presently pending is defendants' motion to dismiss filed April 22, 2011.  Plaintiff,

21   who is incarcerated at Pelican Bay State Prison, requests a 28-day extension of time within which

22   to file an opposition to the motion to dismiss, noting that he resides in the Segregated Housing

23   Unit and has limited access to the prison law library.  (Dkt. No. 37.)  For good cause shown, the

24   request is granted.

25       Also pending is plaintiff's motion to file a supplemental complaint (Dkt. No. 32),

26   filed in tandem with a proposed supplemental complaint (Dkt. No. 33), and plaintiff's second

1

1   motion for appointment of counsel (Dkt. No. 34).

2           "Rule 15(d) provides that a court may permit a party to serve a supplemental

3   pleading setting forth transactions, occurrences, or events that have happened since the filing of

4   the pleading to be supplemented, thereby bringing the case up to date.  Leave must be sought by

5   motion, upon reasonable notice to the other parties, and the court may impose such terms as are

6   just.  The purpose of subdivision (d) is to promote as complete an adjudication of the dispute

7   between the parties as is possible."  Wright, Miller, Kane & Marcus, 6A Fed. Prac. & Proc. Civ.

8   § 1504 (2d ed. 2010).  The proposed supplemental complaint seeks to add nine more defendants

9   and several new claims associated with plaintiff's incarceration at Pelican Bay State Prison,

10  while the currently operative complaint is limited to plaintiff's allegations against officials

11  working at plaintiff's former place of incarceration, California State Prison - Sacramento, as well

12  as officials associated more broadly with the California Department of Corrections and

13  Rehabilitation.  Because the pending motion to dismiss asserts that plaintiff's First Amended

14  Complaint fails to allege any actionable claim, the court, at this time, denies plaintiff's motion to

15  add additional defendants and claims.  The court's review and decision on the motion to dismiss

16  will dictate the appropriateness of permitting further pleadings in this action.

17          Plaintiff's motion for appointment of counsel alleges that "the evidence at issue

18  here involves confidential information that can only be divulged to an attorney under protective

19  order." (Dkt. No. 34 at 1.)  Although district courts lack authority to require counsel to represent

20  indigent prisoners in Section 1983 cases, Mallard v. United States District Court, 490 U.S. 296,

21  298 (1989), in certain exceptional circumstances, the court may request the voluntary assistance

22  of counsel pursuant to 28 U.S.C. § 1915, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

23  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Because plaintiff's filings

24  demonstrate that plaintiff is able to fully and clearly articulate his claims and arguments, the

25  court finds that the required exceptional circumstances are not present at this time.  However,

26  when addressing the merits of defendants' motion to dismiss, and plaintiff's opposition thereto,

the court will further consider plaintiff's assertion that he requires appointed counsel in order to obtain confidential evidence subject to protective order.  (Dkt. No. 34 at 1.)  At the present time, however, plaintiff's motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion (Dkt. No. 37) for a 28-day extension of time within which to file an opposition to defendants' pending motion to dismiss is granted; plaintiff shall file and serve his opposition on or before Friday, June 24, 2011; defendants may file a reply within 7 days after service of plaintiff's opposition.

2.  Plaintiff's motion (Dkt. No. 32) to file a supplemental complaint is denied.

3.  Plaintiff's motion (Dkt. No. 34) for appointment of counsel is denied without prejudice.

DATED:  May 25, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

real3273.eot.etc

3