IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY REAL,

        Plaintiff,                       No. 2:09-cv-3273 GEB KJN P

    vs.

JAMES WALKER, Warden, et al.,

        Defendants.              ORDER

                             /

           On June 22, 2012, defendants filed a notice of interlocutory appeal challenging this court's decision to defer consideration of defendants' qualified immunity defense pending the clarification of pro se plaintiff's claims in a significantly narrowed Second Amended Complaint. (See Findings and Recommendations filed March 2, 2012 (Dkt. No. 43 at 27-28), adopted by the District Judge on March 30, 2012 (Dkt. No. 47)).

           In support of their notice of appeal, defendants cite two cases authorizing an immediate interlocutory appeal after a lower court expressly decides a claim of qualified immunity. See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (reversing Ninth Circuit's affirmation of district court's express denial of qualified immunity on motion to dismiss); Lacey v. Maricopa County, 649 F.3d 1118, (9th Cir. 2011) (affirming in part and reversing in part the district court's express dismissal of several qualified immunity defenses); but see rehearing en

banc granted by Lacey v. Maricopa County, 663 F.3d 1032 (9th Cir. Nov 10, 2011).  In addition, defendants cite several cases in support of their position that an immediate interlocutory appeal is available when the district court fails to reach the issue of qualified immunity.  This court construes the cited cases somewhat differently.  See Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998) (declined to decide issue of qualified immunity "because the district court failed to consider it," and "remanded to the district court for a proper determination in the first instance"); Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986) (remanding to the district court for further consideration after holding that "an order which . . . refuses to rule on a motion to dismiss based on the defense of governmental immunity is an immediately appealable order," provided that the refusal to rule satisfies the three factors identified in Mitchell v. Forsyth, 472 U.S. 511 (1985), viz., that the refusal renders the claim "effectively unreviewable on appeal from a final judgment;" "conclusively determines the defendant's claim of right not to stand trial because there are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred;" and the claim of immunity "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated") (internal quotation and punctuation marks omitted); Craft v. Wipf, 810 F.2d 170, 173 (8th Cir. 1987) (remanding for further consideration by district court a qualified immunity defense it failed to consider on summary judgment); Musso v. Hourigan, 836 F.2d 736, 741 (2d Cir. 1988) (same, applying Mitchell factors).

    In the present case, this court found defendants' qualified immunity defenses "premature" and expressly declined to reach them at this early stage of the litigation.  (Dkt. No. 43 at 27-8.)  The court reasoned that, having dismissed most of the twenty-two claims alleged in plaintiff's 120-page First Amended Complaint (including exhibits), and dismissed eight of the eighteen named defendants, all pursuant to defendants' motion to dismiss, plaintiff was entitled to re-allege and clarify his remaining claims in a Second Amended Complaint before this court reasonably considered whether plaintiff's alleged facts establish a cognizable constitutional

violation, and whether the rights at issue were clearly established at the time. Saucier v. Katz, 533 U.S. 194, 201 (2001).  No discovery has been authorized in this case, nor a dispositive motion deadline set.  In pro se prisoner cases, the court's consideration of a motion to dismiss is more akin to a further screening order under 28 U.S.C. § 1915(e)(2)(B), than a preclusive final ruling.  This court postponed consideration of defendants' qualified immunity defenses based on the determination that it created no risk that such defenses would become "effectively unreviewable on appeal from a final judgment," Mitchell v. Forsyth, supra, 472 U.S. at 526-27.

For these reasons, IT IS HEREBY ORDERED that:

1. Plaintiff shall not file his Second Amended Complaint until further order of this court; and

2. Within fourteen days after the filing date of this court, defendants shall inform this court in writing, with citations to supporting authority, of the following:

a. Whether it is defendants' position that the filing of their Notice of Appeal automatically deprives this court of jurisdiction pending a ruling by the Ninth Circuit Court of Appeals?

b. If the answer to "2a" is "no," do defendants intend to request a stay of this action in the district court?

c. If the answer to "2a" is "no," defendants shall also address why, in a pro se prisoner case, it might not be more appropriate for this court to allow plaintiff to clarify and narrow his claims in an amended complaint before the court considers whether such claims allege the violation of clearly established constitutional rights, and then determine whether any claims survive and whether the court has effectively denied defendants' qualified immunity defenses before defendants appeal any such order?

////
////
////

1  SO ORDERED.
2  DATED: June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

real3273.appeal