IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY REAL,

        Plaintiff,                    No. 2:09-cv-3273 GEB KJN P

   vs.

JAMES WALKER, Warden, et al.,

        Defendants.             ORDER

_____/

       On March 30, 2012, this court granted in part, and denied in part, defendants' motion to dismiss plaintiff's 120-page First Amended Complaint.  (See Dkt. No. 47.)  The court dismissed eight of the eighteen-named defendants, and most of plaintiff's twenty-two claims, but granted plaintiff leave to file a Second Amended Complaint clarifying his remaining claims, as narrowly circumscribed by the court.  The court expressly deferred ruling on defendants' qualified immunity defenses until such time that plaintiff filed a Second Amended Complaint.

       On June 22, 2012, defendants filed an interlocutory appeal in the Ninth Circuit Court of Appeals, challenging the deferral of this court's consideration of defendants' qualified immunity defenses.  On July 2, 2012, this court directed defendants to address whether their interlocutory appeal deprives this court of jurisdiction.  Defendants timely filed a response, in which they concede that their appeal only partially divests this court of jurisdiction, specifically,

1

over plaintiff's due process and First Amendment claims, which defendants have appealed on qualified immunity grounds, but not over plaintiff's Eighth Amendment and conspiracy claims, which defendants have not appealed. Nevertheless, defendants request a stay of this entire action in the district court pending a decision by the Court of Appeals, based on the "interrelated nature of the divested and remaining claims, [and to] . . . conserve judicial resources, the resources of the litigants, and prevent piecemeal litigation." (Dkt. No. 61 at 7.)

"[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885-6 (9th Cir. 2001). Nevertheless, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Moreover, it is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Id.

A motion to stay unappealed aspects of an appealed order is ordinarily directed first to the district court. Fed. R. App. P. 8(a)(1)(A). "The authority to hold an order in abeyance pending review allows an appellate court to act responsibly." Nken v. Holder, 556 U.S. 418, 427 (2009). A trial court has inherent authority to manage its docket, and may stay an action pending resolution of independent proceedings that bear upon the case. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983). A stay is warranted if it would be the "fairest course for the parties." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 864 (9th Cir. 1979). "[T]he factors regulating the issuance of a stay are generally [as follows]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted). However, "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Id. at 777.

In the present case, the court finds that a stay of the instant action in the district court, pending a decision by the Ninth Circuit Court of Appeals on defendants' interlocutory appeal, will promote the fairest resolution for all parties, without significant harm to any party. The court notes, however, that the very reasons offered by defendants in support of their request for a stay – i.e., the interrelated nature of plaintiff's claims, the conservation of judicial and litigant resources, and the prevention of piecemeal litigation – were the same reasons underlying this court's decision to authorize the further narrowed amendment of plaintiff's complaint before addressing the matters that defendants have now appealed. Because this court is required to construe, in the light most favorable to pro se prisoner plaintiffs, the allegations of often lengthy and difficult-to-decipher complaints against multiple defendants, this court determined that the fairer, and more efficient, course in the instant case was to accord plaintiff the opportunity to re-allege his narrowed claims in Second Amended Complaint, which defendants could then move to dismiss based, inter alia, on their further clarified qualified immunity defenses.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' request for a stay of this action (Dkt. No. 61), pending a decision by the Ninth Circuit Court of Appeals on defendants' interlocutory appeal, is granted.

2. This action is stayed until further order of this court.

3. Plaintiff's request for a stay, filed June 15, 2012 (Dkt. No. 56), which is construed as a request for relief from the court's order filed March 30, 2012 (Dkt. No. 47),

////
////
////
////

pursuant to Federal Rule of Civil Procedure 60(b), shall remain pending for decision until the stay in this action is lifted.

DATED: July 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

real3273.stay.