1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RANDY REAL,

11              Plaintiff,                    No. 2:09-cv-3273 GEB KJN P

12        vs.

13    JAMES WALKER, Warden, et al.,           ORDER and

14              Defendants.                    FINDINGS AND RECOMMENDATIONS

15    _____/

16    I.  STAY LIFTED

17            The interlocutory appeal in this action was dismissed on May 29, 2013 (ECF No.

18    63), and the mandate issued on June 20, 2013 (ECF No. 64).  Therefore, pursuant to this order,

19    the stay pending resolution of the appeal, issued by this court on July 25, 2012, is lifted.

20    II.  PLAINTIFF'S MOTION FOR RECONSIDERATION

21        A.  Procedural History

22            The court's stay expressly included plaintiff's request for relief filed June 15,

23    2012 (ECF No. 56), which the court broadly characterized as a request for reconsideration of the

24    district judge's order filed March 30, 2012.  (See ECF No. 62.)  More precisely, the pending

25    matter is plaintiff's request for relief from the undersigned's order filed May 30, 2012 (ECF No.

26    55), which vacated plaintiff's motion for reconsideration filed April 25, 2012, based on the

1

court's reasonable construction of plaintiff's subsequently-filed documents.  Plaintiff now

asserts, persuasively, that he mistakenly requested withdrawal of his motion for reconsideration.

Thus, plaintiff seeks to vacate the undersigned's May 30, 2012 order, and reinstate plaintiff's

motion filed April 25, 2012, which contains plaintiff's substantive reasons for requesting

reconsideration of the district judge's March 30, 2012 order.  Therefore, for good cause shown,

the undersigned vacates its order filed May 30, 2012 (ECF No. 55), and reinstates plaintiff's

motion for reconsideration filed April 25, 2012 (ECF No. 52).

B. <u>Analysis</u>

Pursuant to his motion, filed pursuant to Federal Rule of Civil Procedure 60(b),

plaintiff seeks reconsideration of the district judge's order filed March 30, 2012 (ECF No. 47),

which adopted the undersigned's findings and recommendations filed March 2, 2012 (ECF No.

43).  For the following reasons, the undersigned recommends that plaintiff's motion be denied.

Ths instant action challenges plaintiff's 2008 gang validation and his related

placements in administrative segregation and the segregated housing unit ("SHU").  Plaintiff

seeks reconsideration of the court's order which partially granted defendants' motion to dismiss

plaintiff's First Amended Complaint (which alleged 27 "causes of action" against 18 defendants),

and granted plaintiff leave to file a Second Amended Complaint.  Defendants Tilton, Baughman,

Hemenway, Sims, Virga, Till, Hill, and Parker were dismissed from this action, as were most of

plaintiff's causes of action.  Plaintiff was instructed that he could file a significantly narrowed

Second Amended Complaint, limited to the defendants and claims found potentially cognizable

in the court's findings and recommendations, specifically, limited to defendants Ramos, Stewart,

Ventimiglia, Parilla, Pool, Grannis, Walker, Fisher, Kisser, and Williams, on only the following

four claims:  (1) two Fourteenth Amendment Due Process claims premised, respectively, on

plaintiff's claim that he was improperly denied an Investigative Employee, and his challenge to

the merits of his gang validation and SHU placement (based on the allegations set forth in the

Second, Sixth, Ninth, Eleventh, Twenty-Fourth, and Twenty-Seventh Causes of Action of

plaintiff's FAC); (2) one First Amendment claim, based on the alleged denial of plaintiff's rights to free speech and association (based on the allegations set forth in the FAC's Fourth, Seventh and Eighteenth Causes of Action); and (3) one Eighth Amendment claim, based on the allegedly unique conditions of plaintiff's SHU placement (based on the allegations set forth in the FAC's Third, Twenty-Third, and Twenty-Fifth Causes of Action). (See generally Findings and Recommendations (ECF No. 43).) Plaintiff was directed to file and serve his Second Amended Complaint within 30 days after the court's order, and informed that plaintiff's failure to timely file and serve a Second Amended Complaint would result in the dismissal of this action. (See Order (ECF No. 47).) Although this deadline was extended (ECF No. 55), the entire action was thereafter stayed pending resolution of defendants' interlocutory appeal.

The purpose of Rule 60(b)(6) is to "vest power in courts adequate to enable them to vacate judgment whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614–15 (1949). Thus, the Ninth Circuit Court of Appeals has applied the "extraordinary circumstances" standard of relief under Rule 60(b)(6), not to permit "a second bite at the apple," but to avoid inequitable results and to accomplish justice. See In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989). In addition, Local Rule 230 (j) requires that a motion for reconsideration include identification of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and a statement explaining "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3), (4). This rule derives from the "law of the case" doctrine, which provides that legal decisions made in a case "should be followed unless there is substantially different evidence . . . , new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Inv. Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

////

1    The court notes initially that "[a] motion under Rule 60(b) must be made within a

2    reasonable time." Fed. R. Civ. P. 60(c)(1).  A "reasonable time" includes, at least "for reasons

3    (1), (2), and (3)[,] no more than a year after the entry of the . . . order[.]"  Id.  In the present case,

4    plaintiff's "motion for relief," for "reason (6)," was filed with the court on April 25, 2012,

5    twenty-six days after the subject order was filed.  The court finds that plaintiff's motion for relief

6    was filed within a "reasonable time."  Id.

7    Plaintiff first challenges the dismissal of his Causes of Action Nos. 13, 15, 17, 20,

8    and 22, based on the court's finding that these allegations failed to state cognizable claims under

9    the federal Due Process Clause.  (ECF No. 43 at 11-18.)  These claims alleged Fourteenth

10   Amendment due process violations based on plaintiff's allegations that:  (1) defendants failed to

11   inform plaintiff, when the alleged conduct occurred, of the conduct identified in the chronos

12   upon which defendants relied to validate plaintiff as a gang member (Cause of Action No. 13);

13   (2) defendants improperly placed plaintiff in administrative segregation pending the validation

14   investigation (Cause of Action No. 15); (3) defendants improperly rejected plaintiff's

15   administrative grievance, at the Second Level Review, which challenged his validation and

16   placement in the Segregated Housing Unit ("SHU") (Cause of Action No. 17); (4) defendants

17   improperly confiscated plaintiff's address book (Cause of Action No. 20); and (5) defendants

18   falsely stated that plaintiff refused to be interviewed on November 13, 2008, concerning his

19   grievance challenging the confiscation of his address book (Cause of Action No. 22).  The court

20   dismissed these federal due process claims, but authorized further amendment of the complaint to

21   permit plaintiff an opportunity to narrow and clarify specific challenges to his gang validation

22   and related SHU placement.[1]

23   ////

24   

---

25   [1] The magistrate judge recommended limited amendment of plaintiff's due process
     challenges to his gang validation and SHU placement because these  allegations were "scattered

26   throughout the complaint, mingled with other claims . . . [and hence] require . . . clarification and
     consolidation in a further amended complaint."  (ECF No. 43 at 16.)

1    Plaintiff contends that he should be permitted to amend dismissed Causes of

2  Action Nos. 13, 15, 17, 20, and 22 because they are allegedly premised on defendants' failure to

3  abide by state regulations, and are therefore cognizable under the due process protections of the

4  California Constitution (without citation to specific provisions).  Plaintiff cites to California case

5  law holding that California's procedural due  process protections "require[] a more stringent

6  standard of proof for disciplinary findings than is dictated by the federal Constitution," quoting In

7  re Rothwell (2008) 164 Cal. App. 4th 160, 166 (citation omitted), because plaintiff need not

8  "establish a property or liberty interest as a prerequisite to invoking due process protection,"

9  quoting Ryan v. Cal. Interscholastic Fed'n-San Diego Section (2001) 94 Cal. App. 4th 1048,

10  1069 (citing, inter alia, People v. Ramirez (1979) 25 Cal.3d 260, 263-64), but need only "identify

11  a statutorily conferred benefit or interest of which he . . . has been deprived," Ryan at 1071

12  (citations omitted).  (See ECF No. 52 at 3-12.)

13    Plaintiff appears to acknowledge that, "[t]o the extent that the violation of a state

14  law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by

15  the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119

16  F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified School District, 90 F.3d 367,

17  370 (9th Cir. 1996)); accord, Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).  Review of the

18  Amended Complaint demonstrates that plaintiff premised the above-noted claims only on the

19  federal Due Process Clause.  (See ECF No. 14 at 14-17.)  Thus, plaintiff seeks authorization to

20  re-allege his dismissed federal due process claims as state due process claims.  This rationale is

21  not an extraordinary circumstance justifying relief from the court's order dismissing the noted

22  federal due process claims.  Rather, granting plaintiff's request to vacate the court's order for the

23  purpose of authorizing the belated inclusion of pendant state law claims would merely provide

24  plaintiff an impermissible "second bite at the apple."  In re Pacific Far East Lines, supra, 889

25  F.2d at 250.

26  ////

Next, plaintiff challenges the court's dismissal of plaintiff's Causes of Action Nos. 8, 10, 12, 14, 16, 21, and 26 based on the court's finding that these putative "due process" claims were not cognizable under the Fourth Amendment.  (ECF No. 43 at 21-2.)  Plaintiff now asserts that he erred in relying on the Fourth Amendment; that he intended to rely on the Fifth Amendment.  (ECF No. 52 at 13.)  However, plaintiff has no cognizable claim against state officials under the Fifth Amendment, because "the Fifth Amendment's due process clause only applies to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) (citations omitted).  Thus, this contention fails to demonstrate extraordinary circumstances warranting relief from this court's subject order.

Third, plaintiff challenges this court's dismissal of plaintiff's Nineteenth Cause of Action, which challenged the confiscation of plaintiff's address book from his cell as an alleged violation of the Fourth Amendment.  The court dismissed the claim pursuant to Supreme Court authority that a prisoner's expectation of privacy must yield to the legitimate institutional goal of maintaining institutional security.  (ECF No. 43 at 21.)  Plaintiff asks the court to revisit this claim, stating that defendants' assertion that plaintiff's address book contained information about "gang activity" is disingenuous and, further, that plaintiff seeks to "correct" this claim by realleging it as an Eighth Amendment claim, viz., "cruel & unusual punishment for calculated harassment that was unrelated to prison needs." (ECF No. 52 at 14.)  Plaintiff's challenge to the confiscation of his address book cannot reasonably be construed as an Eighth Amendment claim.  "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation and internal quotation marks omitted).  Moreover, as previously found by the court, "the Supreme Court has held that, within the prison context, inmates have no Fourth Amendment right of privacy in their cells.  Hudson v. Palmer, 468 U.S. 517, 525-28 (1984) (prisoner's expectation of privacy must yield to matters of institutional security).  'Prison officials must be free to seize from cells any articles which, in their view, disserve legitimate

institutional interests.' Id. at 528 n.8." (ECF No. 43 at 21.)  For these reasons, plaintiff again

fails to demonstrate extraordinary circumstances warranting relief from the challenged order.

        Fourth, plaintiff challenges this court's dismissal of defendants Tilton, Baughman,

Hemenway, Sims, Till, Virga, Hill and Park.  (ECF No. 52 at 14-15.)  The court dismissed

defendant Tilton (former CDCR Director), due to the failure of plaintiff to allege his personal

knowledge, direction or endorsement of any alleged misconduct.  (ECF No. 43 at 25.)  The court

dismissed defendants Virga, Till and Hill, due to plaintiff's failure to allege any affirmative act or

failure to act that resulted in a deprivation of plaintiff's constitutional rights.  (Id. at 26.)  The

court dismissed defendant Parker, because he was named only in plaintiff's dismissed and

noncognizable Fourth Amendment claim.  (Id. at 27.)  The court dismissed defendants

Baughman, Hemenway and Sims, because they were named only in plaintiff's dismissed

challenges to the administrative appeals process.  (Id.)  Plaintiff challenges these dismissals on

the same grounds set forth in his opposition to defendants' motion to dismiss, again without

alleging any facts upon which to reasonably infer the "linkage" of these defendants to any

claimed unconstitutional conduct.  Specifically, plaintiff now contends generally that "each

defendant supervised the process of validation, and appeals process, which all had the

opportunity to rectify the violation, but failed to do so.  As for defendant Tilton, is (sic) held

liable due to his involvement in writing the policy that cause the violation to plaintiff thus

holding all liable for their action or lack of."  (ECF No. 52 at 15.)  As the court previously noted,

liability may be imposed on a supervisor only upon a showing that the supervisor directly

participated in the alleged constitutional violations, or knew of the violations of subordinates but

deliberately failed to prevent them.  (ECF No. 43 at 25, citing Corales v. Bennett, 567 F.3d 554,

570 (9th Cir. 2009).)  Plaintiff has again failed to show such direct participation by these

supervisory defendants.

        Fifth, plaintiff challenges the requirement set forth in the challenged order that

plaintiff can name, in the Second Amended Complaint, only the identified defendants.  (ECF No.

52 at 15-6; see also ECF No. 43 at 28 ("Pertinent allegations set forth in plaintiff's proposed

supplemental complaint may be included in plaintiff's Second Amended Complaint; however, no

new defendants may be added.")  Based on his alleged grounds for reconsideration, plaintiff

asserts that the court's "contradicting recommendation" appears to authorize plaintiff "to hold

someone (defendants) liable for there (sic) action" without naming them.  (Id. at 16.)  However,

because the court finds no basis for expanding the number or nature of claims that may be

alleged in plaintiff's Second Amended Complaint, there is no reason for plaintiff to name any

defendants other than those already authorized by the court.  The court was thorough and detailed

in its analysis of plaintiff's First Amended Complaint, and the limitations imposed as to the

claims and defendants that may be identified in a Second Amended Complaint are both

reasonable and prudent.

For these several reasons, the undersigned recommends that plaintiff's motion for

reconsideration be denied.

III.  REQUEST FOR APPOINTMENT OF COUNSEL

Finally, plaintiff again seeks appointment of counsel.  (ECF No. 52 at 16; see also

ECF Nos. 8, 38, 43 (denying plaintiff's prior requests for appointment of counsel).)  The

undersigned considered plaintiff's most recent request for appointment of counsel pursuant to

consideration of defendants' motion to dismiss, and continues to abide by the following analysis

pending plaintiff's submission of a Second Amended Complaint (ECF No. 43 at 28-9):

> [W]hile plaintiff may request the voluntary assistance of counsel at
> any time, pursuant to 28 U.S.C. § 1915(e)(1), such requests may
> only be granted based on a showing of exceptional circumstances,
> Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991), pursuant to
> an evaluation of plaintiff's ability to articulate his claims in light of
> the complexity of the legal issues involved, and plaintiff's
> likelihood of success on the merits of his claims, Agyeman v.
> Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir.
> 2004) (citations omitted).  As the court previously found, plaintiff
> has demonstrated an adequate understanding of his claims and
> competence in their articulation.  The court further finds, at this
> time, that plaintiff has not demonstrated a likelihood that he will
> prevail of the merits of this action.

For these reasons, the undersigned recommends denial of plaintiff's instant request for appointment of counsel.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  The stay in this action commenced July 25, 2012 (ECF No. 62), is lifted.

2.  Plaintiff's motion for relief filed June 15, 2012 (ECF No. 56), which seeks the court's substantive review of plaintiff's motion for reconsideration filed April 25, 2012 (ECF No. 52), is granted.

3.  The undersigned's order filed May 30, 2012 (ECF No. 55), is vacated.

4.  Plaintiff's motion for reconsideration filed April 25, 2012 (ECF No. 52), is reinstated for consideration on the merits.

In addition, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for reconsideration (ECF No. 52) of the court's order filed March 30, 2012 (ECF No. 47), be denied.

2.  Plaintiff's request for appointment of counsel (ECF No. 52 at 16), be denied.

3.  Plaintiff be directed to file and serve a Second Amended Complaint within thirty (30) days after service of the district judge's order, subject to the limitations set forth in the magistrate judge's findings and recommendations filed March 2, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are

////

////

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  July 15, 2013

4

5

6

7                                                     KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE
8

9   real3273.post.app.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26