1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    RANDY REAL,                                No.  2:09-cv-3273 GEB KJN P

10              Plaintiff,

11        v.                                     ORDER

12   JAMES WALKER, Warden, et al.,

13              Defendants.

14

15        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

16   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

17   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

18        On July 15, 2013, the magistrate judge filed findings and recommendations herein which

19   were served on all parties and which contained notice to all parties that any objections to the

20   findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

21   objections to the findings and recommendations.

22        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

23   court has conducted a de novo review of the pending matters.  Having carefully reviewed the

24   entire file, the court finds, with the exceptions noted below, that the magistrate judge's findings

25   and recommendations are supported by the record and by proper analysis.

26   ////

27        Intervening circumstances, together with plaintiff's objections, persuade this court that

28   counsel should be appointed to assist plaintiff in the preparation of his Second Amended

1

Complaint, and to represent plaintiff through the conclusion of this action.  There is no absolute right to appointed counsel in federal civil rights actions.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Nevertheless, in "exceptional circumstances," the court may request that an attorney voluntarily represent an indigent prisoner who is pursuing a civil rights action. See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances.  However, exceptional circumstances may be demonstrated by the inability of a plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved, and the likelihood of success on the merits of his claims.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden for demonstrating exceptional circumstances is on the plaintiff.  Id.

In the present case, the magistrate judge aptly observed that plaintiff is a capable writer, notwithstanding his limited education and modest academic scores.  However, the magistrate judge also observed, in reviewing plaintiff's First Amended Complaint, that plaintiff's due process claims were "scattered throughout the complaint, mingled with other claims [and] . . . will require . . . clarification and consolidation in a further amended complaint."  (ECF No. 43 at 16.) In according plaintiff leave to file a Second Amended Complaint, the magistrate judge implicitly found that the factual allegations of the First Amended Complaint (which contains 27 "causes of action" against 18 defendants) may, if properly pled, support valid legal claims.  Moreover, on this record, the Ninth Circuit Court of Appeals appointed counsel for plaintiff when it considered defendants' interlocutory appeal, based on the finding that such appointment "would benefit the court's review."  (See Real v. Walker et al., Case No. 12-16459 (9th Cir. Sept. 13 2012) (ECF No. 5).)  Plaintiff now informs the court that he has been participating in the prisoner hunger

////

////

2

strike at Pelican Bay State Prison,[1] which "make[s] it hard [for plaintiff] to function mentally and physically, which plaintiff has a hard time proceed with the complaint." (Sic.) (ECF No. 66 at 7; see also attachments to ECF No. 66.)

These factors, together with the legal complexities of plaintiff's challenge to his gang validation, and practical difficulties associated with his placement in security housing, persuade this court that plaintiff has demonstrated the requisite "exceptional circumstances" warranting appointment of pro bono counsel in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 15, 2013 (ECF No. 65), are adopted in part.

2. Plaintiff's request for appointment of counsel (ECF No. 52 at 16), is granted.

3. Plaintiff's motion for reconsideration (ECF No. 52), of this court's order filed March 30, 2012 (ECF No. 47), is granted in part. This court's March 30, 2012 order (ECF No. 47), is amended as follows:

a. Defendants Tilton, Baughman, Hemenway, Sims, Virga, Till, Hill, and Parker are dismissed from this action without prejudice; one or more of these defendants may be re-named in plaintiff's Second Amended Complaint, as appropriate and necessary for plaintiff to pursue the merits of his claims; otherwise, the Second Amended Complaint shall comply with the limitations set forth in the magistrate judge's findings and recommendations filed March 2, 2012 (ECF No. 43).

b. The deadline for filing and serving a Second Amended Complaint will be set by the court after counsel has been appointed for plaintiff.

////

////

////

////

---

[1] The court notes that the hunger strike ended on September 5, 2013. See Sacramento Bee, Sept. 5, 2013: http://www.sacbee.com/2013/09/05/5709853/calif-inmates-end-hunger-strike.html.

3

4.  The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept appointment in this action, for the purpose of preparing, filing and serving a Second Amended Complaint, and to pursue this action on plaintiff's behalf through all remaining pretrial and trial proceedings.

SO ORDERED.

Dated:  September 10, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4